```
                              United States Bankruptcy Court
                              Northern District of California
In re:                                                              Case No. 17-52668-SLJ
Nhan Hieu Tran                                                      Chapter 13
         Debtor                   CERTIFICATE OF NOTICE
District/off: 0971-5          User: lmenendez              Page 1 of 2              Date Rcvd: Nov 16, 2017
                              Form ID: pdfpln              Total Noticed: 25
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 18, 2017.
```
db              +Nhan Hieu Tran,    3147 Apperson Ridge Drive,    San Jose, CA 95148-3050
smg            ++CALIFORNIA STATE BOARD OF EQUALIZATION,    ACCOUNT REFERENCE GROUP MIC 29,    P O BOX 942879,
                  SACRAMENTO CA 94279-0029
                 (address filed with court:  State Board of Equalization,
                  Attn: Special Procedures Section, MIC:55,    P.O. Box 942879,    Sacramento, CA  94279)
14663698       #+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
14663699        Board of Equalization, State of CA,    Acct Analysis Ctrl Sec MIC: 29,    P.O. Box 92879,
                  Sacramento, CA 94279-0029
14663701       +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
14663702       +Cbe Group,    Attn: Bankruptcy Department,    Po Box 900,    Waterloo, IA 50704-0900
14663703       +Chase Card,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
14663706       +Citibank / Sears,    Attn: Centralized Bankruptcy,    Po Box 790040,    S Louis, MO 63179-0040
14663707       +Citicards Cbna,    Attn: Centralized Bankruptcy,    Po Box 790040,    Saint Louis, MO 63179-0040
14663708       +Conoco Phillips Union/Citibank,    Attn: Centralized Bankruptcy,    Po Box 20363,
                  Kansas City, MO 64195-0363
14663709       +First American Title Insurance Company,    4795 Regent Blvd, Mail Code 1011-F,
                  Irving, TX 75063-2466
14663710       +First Bank Puerto Rico,    Attn: Bankruptcy,    9795 S Dixie Hwy,    Pinecrest, FL 33156-2806
14663714       +Los Gatos Oral and Facial Surgery,    14830 Los Gatos Blvd Suite 200,    Los Gatos, CA 95032-2053
14663719       +U.S. Attorney General,    Civil Trial Sec. Western,    PO Box 683 Ben Franklin,
                  Washington, DC 20044-0683
14663720       +United States Attorney's Office,    Attn: Chief Tax Division,    450 Golden Gate Ave. 10th,
                  San Francisco, CA 94102-3661
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: itcdbg@edd.ca.gov Nov 17 2017 02:05:48      CA Employment Development Dept.,
                  Bankruptcy Group MIC 92E,    P.O. Box 826880,    Sacramento, CA  94280-0001
smg             E-mail/Text: BKBNCNotices@ftb.ca.gov Nov 17 2017 02:07:11      CA Franchise Tax Board,
                  Attn: Special Procedures,    P.O. Box 2952,    Sacramento, CA  95812-2952
smg             E-mail/Text: cio.bncmail@irs.gov Nov 17 2017 02:05:29      IRS,    P.O. Box 7346,
                  Philadelphia, PA  19101-7346
reqntc         +E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2017 02:00:43      Synchrony Bank,
                  c/o PRA Receivables Management, LLC,    P.O. Box 41021,    Norfolk, VA 23541-1021
14663711       +E-mail/Text: BKBNCNotices@ftb.ca.gov Nov 17 2017 02:07:11      Franchise Tax Board,
                  Special Procedures,    PO Box 2952,    Sacramento, CA 95812-2952
14663713       +E-mail/Text: bnckohlsnotices@becket-lee.com Nov 17 2017 02:05:06      Kohls/Capital One,
                  Attn: Bankruptcy,    N56 W17000 Ridgewood Dr,    Menomonee Falls, WI 53051-5660
14663715        E-mail/Text: bkteam@selenefinance.com Nov 17 2017 02:05:09      Selene Finance,
                  9990 Richmond, Ste 400,    Houston, TX 77042-4546
14663716       +E-mail/Text: itcdbg@edd.ca.gov Nov 17 2017 02:05:48      State of California - EDD,
                  Bankruptcy Unit - MIC 92E,    PO Box 826880,    Sacramento, CA 94280-0001
14663717       +E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2017 02:00:43      Synchrony Bank/ Old Navy,
                  Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
14663718       +E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2017 02:00:43      Synchrony Bank/Walmart,
                  Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
                                                                                              TOTAL: 10

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14663704*      +Chase Card,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
14663705*      +Chase Card,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
14663712*       Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
14663700      ##+Cal Coast Credit Service,    2906 Mcbride Ln,    Santa Rosa, CA 95403-2789
                                                                                   TOTALS: 0, * 3, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2017                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 15, 2017 at the address(es) listed below:
          David A. Boone    on behalf of Debtor Nhan Hieu Tran ecfdavidboone@aol.com,   ecflodab@gmail.com
          Devin  Derham-Burk    ctdocs@ch13sj.com
          Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov
                                                                              TOTAL: 3

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

Name of Debtor:  **Nhan Hieu Tran**                                                                Case No.  **17-52668 SLJ**

## CHAPTER 13 PLAN

YOU WILL BE NOTIFIED OF THE DATE, TIME, AND LOCATION OF A HEARING TO CONFIRM THIS PLAN AND OF THE DEADLINE TO OBJECT TO ITS CONFIRMATION.  IN THE ABSENCE OF A TIMELY WRITTEN OBJECTION, THIS PLAN MAY BE CONFIRMED.  IT WILL BE EFFECTIVE UPON ITS CONFIRMATION.

### Section 1.  Plan Payments and Plan Duration

**1.01**  **Plan payments.**  To complete this plan, Debtor shall:
  a. Pay to Trustee $ **1,500.00** per month for **24** months from the following sources: (describe, such as wages, rental income, etc.): Wages, Rental Income
  Debtor shall after **24** months, increase the monthly payment to $ **8,200.00** for **36** months.

  b. In addition to the foregoing monthly payments, pay to Trustee $ **0.00** from the following sources on the dates indicated:
  Date(s): _____
  Source(s): _____

  c. The monthly plan payments will continue for **60** months unless all allowed unsecured claims are fully paid within a shorter period of time.  This plan cannot propose monthly payments beyond 60 months.

### Section 2.  Claims and Expenses

**2.01.**  With the exception of any post-petition direct payments to be made by Debtor, the payments required by Sections 2.04, 2.05, 2.07, 2.08, 2.10 and 3.01 will not be made pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**2.02.**  The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's order on a claim objection, valuation motion, lien avoidance motion, or adversary proceeding judgment affects the amount or classification of a claim.

**2.03.**  Trustee's fees shall be paid pursuant to 28 U.S.C. §586(e). Compensation due a former chapter 7 trustee shall be paid pursuant to 11 U.S.C. §1326(b)(3)(B).  Debtor's attorney of record was paid $ **1,000.00** before the Chapter 13 case was filed.  By separate order or in accordance with applicable Guidelines, after confirmation, debtor's attorney shall be paid additional fees of $ **4,850.00** through this plan at the rate of $ **750.00** per month until paid in full.

**Secured Claims**

**2.04.**  **Class 1: All delinquent secured claims that are not modified by this plan.**  Class 1 claims are delinquent and other than the curing of any arrears, are not modified by this plan. Debtor or a third party (____) shall directly make all post-petition payments on Class 1 claims.

  a. **Cure of arrears.**  Trustee shall pay in full all allowed pre-petition arrears on Class 1 claims.

  b. **Application of payments.**  The arrearage payment may include interest.  If the provision for interest is left blank, interest will not accrue.  The arrearage payment must be applied to the arrears. If this plan provides for interest on arrears, the arrearage payment shall be applied first to such interest, then to arrears.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears (0% unless otherwise stated) | Fixed Arrearage Payment | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|---|---|
| 1. Selene Finance<br>3147 Apperson Ridge Drive<br>San Jose, CA 95148<br>Santa Clara County | 280,000.00 | 0.00% | 200.00 | December 2017 |

**2.05.** **Class 2: All secured claims that are modified by this plan.**

    **a.** **Payment of claim.** Trustee shall satisfy each Class 2 claim by paying the amount specified below as the monthly payment. Subject to Section 2.05(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall not include interest unless otherwise specified. If Debtor does not intend to satisfy a Class 2 claim by periodic payments, Debtor shall check this box ☐ and provide for this claim in Additional Provisions.

    **b.** **Adequate protection payments.** Before confirmation, Trustee shall pay each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by 11 U.S.C. §1326(a)(1)(C). As required by 11 U.S.C. §1325(a)(5)(B)(iii), equal monthly payments must be no less than the adequate protection payment.

    **c.** **Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. If applicable bankruptcy law authorizes a debtor to reduce a secured claim, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, and prevailing on a motion or adversary proceeding to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of collateral, Debtor shall file this motion or adversary proceeding and have it decided before plan confirmation.

    **d.** **Lien retention.** Each Class 2 creditor shall retain its existing lien as permitted under applicable bankruptcy law.

| Class 2 Creditor's Name/Collateral Description (No Reduction in Collateral Value) | Purchase Money Interest - Personal Property? Y/N | Estimated Amount of Claim | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

| Class 2 Creditor's Name/Collateral Description (Reduction in Collateral Value) | Reduced Value of Collateral | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|
| -NONE- | | | |

**2.06.** **Class 3: All secured claims for which the collateral is being surrendered.** Upon confirmation of this plan, the automatic stay is modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| Class 3 Creditor's Name | Collateral to be Surrendered |
|---|---|
| -NONE- | |

**2.07.** **Class 4: All other non-delinquent secured claims.** Class 4 claims are not delinquent and are not modified by this plan. Debtor or a third party (____) shall directly make all post-petition payments on Class 4 claims.

| | Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment |
|---|---|---|
| 1. | Bank Of America<br>108 Lime Blossom Court San Jose, CA 95123<br>Santa Clara County | 3,129.30 |

    **2.08.** The deed of trust with _____ ("Creditor") encumbers real property located at _____, securing a loan that is the subject of a loan modification application (the "Application"). The monthly payment listed below represents the projected payment under the Application, and may not be the payment when the Application is approved or denied. Notwithstanding Section 2.04, and except as otherwise provided in this plan, Trustee will not pay any pre-petition arrears claimed by Creditor while the Application is proposed or pending.

    **a.** If Creditor approves the Application, the monthly payment Debtor shall directly make will be the amount approved by Creditor.

    **b.** If the approved Application changes the amount of arrears that otherwise would be paid under Section 2.04, alters any plan payment to be made to Trustee, or adversely affects the amount to be paid to claimants in Section 2.12, Debtor shall file an amended plan reflecting such changes within 14 days of receipt of written notification of approval of the Application.

    **c.** If Creditor denies the Application, Debtor shall, within 14 days of receipt of written notification of denial of the

Application, file an amended plan providing for appropriate treatment of pre-petition and post-petition arrears or surrender of the property.

  **d.**  If Debtor fails timely to file an amended plan, Debtor shall be deemed to be in material default under this plan and the remedies described in Section 4.02 shall be available to Trustee or Creditor.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Monthly Modification Installment |
|---|---|---|
| -NONE- | | |

**2.09.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan, and Trustee shall not make any disbursements on such claims. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay as to that claim holder.

**Unsecured Claims**

**2.10.** **Class 5: Unsecured claims entitled to priority pursuant to 11 U.S.C. §507.** Trustee shall pay in full Class 5 claims, whether or not listed below, unless a claim holder agrees to accept less or 11 U.S.C. §1322(a)(4) is applicable. If 11 U.S.C. §1322(a)(4) applies, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. Notwithstanding any other provision in this plan, Debtor shall directly pay all domestic support obligations and all loan payments to a retirement or thrift savings plan that are due and payable post-petition, regardless of whether this plan is confirmed or a proof of claim is filed.

| | Class 5 Creditor's Name | Type of Priority | Estimated Claim Amount all claims in class 5 to be paid with annual interest at 1.46% |
|---|---|---|---|
| 1. | Board of Equalization, State of CA | Taxes and certain other debts | 0.00 |
| 2. | Franchise Tax Board | Taxes and certain other debts | 0.00 |
| 3. | Internal Revenue Service | Taxes and certain other debts | 6,092.61 |
| 4. | State of California - EDD | Taxes and certain other debts | 0.00 |
| 5. | U.S. Attorney General | Taxes and certain other debts | 0.00 |
| 6. | United States Attorney's Office | Taxes and certain other debts | 0.00 |

**2.11.** **Class 6: Designated unsecured claims that will be paid in full even though all other nonpriority unsecured claims may not be paid in full.**

| Class 6 Creditor's Name | Reason for Special Treatment | Estimated Claim Amount |
|---|---|---|
| -NONE- | | |

**2.12.** **Class 7: All other unsecured claims.** These claims, including the unsecured portion of secured recourse claims not entitled to priority, total approximately $**4,864.00**. The funds remaining after disbursements have been made to pay all administrative expense claims and other creditors provided for in this plan are to be distributed on a pro-rata basis to Class 7 claimants.
**[select one of the following options:]**
  **_X_ Percent Plan.** Class 7 claimants will receive no less than **100 with annual interest at 1.46** % of their allowed claims through this plan.

  ____ **Pot Plan.** Class 7 claimants are expected to receive ____% of their allowed claims through this plan.

Section 3. Executory Contracts and Unexpired Leases

**3.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly make all post-petition payments to the other party to the executory contract or unexpired lease. Unless a different treatment is required by 11 U.S.C. §365(b)(1) and is set out in the Additional Provisions, Trustee shall pay in full all pre-petition defaults

| Name of Other Party to Executory Contract Unexpired Lease | Description of Contract/Lease | Regular Monthly Payment | Pre-petition Default | Monthly Cure Payment |
|---|---|---|---|---|
| -NONE- | | | | |

**3.02.** Any executory contract or unexpired lease not listed in the table above is rejected. A proof of claim for any rejection damages shall be filed by the later of the claims bar date or thirty days after confirmation of this plan. Upon confirmation of this plan,

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

Software Copyright (c) 1996-2017 Best Case LLC - www.bestcase.com  Best Case Bankruptcy

Case: 17-52668  Doc# 10  Filed: 11/07/17  Entered: 11/07/17 13:28:16  Page 3 of 4

Case: 17-52668  Doc# 16  Filed: 11/18/17  Entered: 11/18/17 21:27:15  Page 5 of 8

the automatic stay is modified to allow the nondebtor party to a rejected, unexpired lease to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor in the event of a default under applicable law or contract.

Section 4.  Miscellaneous Provisions

**4.01.     Vesting of property.**  Property of the estate will revest in Debtor upon confirmation.

If Debtor does not want the property to revest, Debtor must check the following box: ☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate, insure any estate property or make any of Debtor's ongoing, regular post-petition debt payments with the exception of monthly cure payments otherwise required by this plan. Upon completion of this plan, all property shall revest in Debtor.

Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

**4.02.     Remedies upon default.**  If Debtor defaults under this plan or does not complete this plan within 60 months, Trustee, or any other party in interest may request appropriate relief pursuant to Local Bankruptcy Rules.  This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral.  If the court terminates the automatic stay to permit a Class 1 or 2 secured claim holder or a party to an executory contract or unexpired lease to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim, executory contract or unexpired lease claim, and any portion of such secured claim not previously satisfied under this plan shall be treated as a Class 3 claim.  Any deficiency remaining after the creditor's disposition of its collateral for which Debtor has personal liability shall be treated as a Class 7 claim subject to the timely filing of a proof of claim.

**4.03  Impermissible Provisions.**  Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable as a matter of law in a Chapter 13 case under 11 U.S.C. §1328.

Section 5.  Additional Provisions

This plan is the court's standard plan form.  Other than to insert text into designated spaces, expand tables to include additional claims, or change the title to indicate the date of the plan or that the plan is a modified plan, the preprinted text of this form has not been altered.  If there is an alteration, it will be given no effect.  The signatures below are certifications that the standard plan form has not been altered.

Despite the foregoing, as long as consistent with the Bankruptcy Code, the Debtor may propose additional provisions that modify the preprinted text.  All additional provisions shall be on a separate piece of paper appended at the end of this plan.  Each additional provision shall be identified by a section number beginning with section 5.01and indicate which section(s) of the standard plan form have been modified or affected.

Additional Provisions  **[choose one]** are ☐  are not ☑  appended to this plan.

| Dated: | **November  6, 2017** | /s/ Nhan Hieu Tran |
|---|---|---|
| | | **Nhan Hieu Tran** |
| | | Debtor |
| | | |
| | | Debtor |
| Dated: | **November  6, 2017** | /s/ David A. Boone |
| | | **David A. Boone 74165** |
| | | Debtor's Attorney |

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

Software Copyright (c) 1996-2017 Best Case LLC - www.bestcase.com                    Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## *FOR THE*
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

### Order Establishing Procedures for Objection to Confirmation

1. **Placement on Trustee's Pending List and Hearing Taken Off Calendar:** If an objection to confirmation is filed or a case is otherwise not ready for confirmation based on deficiencies, such as defaults on plan payments, the Trustee will file a Trustee's Statement of Non-Readiness for Confirmation at least 10 days before the confirmation hearing. The court will serve a notice indicating that the case has been placed on the Trustee's Pending List ("TPL") and that no appearances are expected, the plan will not be confirmed, and the matter will be taken off calendar at the confirmation hearing.

2. **Procedures for Restoring Matter to Confirmation Calendar:** A case that is on the TPL may be restored to the confirmation calendar as follows:

   a. To restore the matter to the Uncontested Confirmation Calendar, the Trustee will file a Trustee's Statement of Resolution when all outstanding objections are resolved, deficiencies have been cured, and the debtor(s) is current on plan payments. The Trustee's docketing of the Statement of Resolution will cause the court to issue a notice that the restored confirmation hearing is set on the date of the next available Uncontested Confirmation Calendar and to serve the notice on parties in interest.

   b. To restore a contested confirmation matter to calendar so the court can resolve factual or legal issues, any party in interest (including the debtor(s)) may file and serve in conformity with B.L.R. 9014-1(a) a Notice of Hearing and Certificate of Service on 28 days' notice to parties in interest. The matter may be set on any Contested Confirmation Calendar date posted on the court's website, but only if these three conditions are met: (1) the § 341 meeting has concluded; (2) the parties have met and conferred in good faith (in person or by telephone); and (3) the dispute is ready to be submitted for resolution, trial setting, evidentiary hearing, or briefing.

   No later than 14 days before the hearing, the noticing party shall file a Chapter 13 Status Conference Statement identifying: (a) the disputed factual and legal issues; (b) the date and time when the parties conferred; and (c) the time estimate for trial or argument. If the Chapter 13 Status Conference Statement is not timely filed, the matter will be stricken from the calendar. Matters stricken from the Contested Confirmation Calendar must be re-noticed for hearing by submitting a new Notice of Hearing, Certificate of Service, and Chapter 13 Status Conference Statement.

Approved.

Dated: July 1, 2015

_____
STEPHEN L. JOHNSON
United States Bankruptcy Judge

_M. Elaine Hammond_
M. ELAINE HAMMOND
United States Bankruptcy Judge

_Hannah L. Blumenstiel_
HANNAH L. BLUMENSTIEL
United States Bankruptcy Judge